UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff/Counter-Defendant,

-against-

RONALD A. BROW,

                Defendant/Counter-Plaintiff.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

**01-CV-4797 (NGG)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2011 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff, the United States of America, brings this student loan debt enforcement action against Ronald A. Brow ("Brow") under 20 U.S.C. § 1080. (Compl. (Docket Entry # 2).) The United States now moves for summary judgment. (Def.'s Mot. (Docket Entry # 24).) Brow has also filed a Third-Party Complaint against the Government of the U.S. Virgin Islands. (3d-Party Compl. (Docket Entry # 25).) For the reasons set forth below, the court partially grants the United States' motion for summary judgment; directs the United States to inform the court within thirty days as to whether it intends to pursue its remaining claims; establishes a briefing schedule for the United States' potential motion to dismiss Brow's counterclaims; and strikes Brow's Third-Party Complaint.

**I.    LEGAL STANDARD**

      On a motion for summary judgment, the court may consider "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if its existence or non-existence "might affect the

1

outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000). Where a plaintiff proceeds pro se, the court reads his submissions liberally and interprets them as raising the strongest arguments they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Where the non-moving party does not respond to the motion for summary judgment, the court may not grant the motion by default. Although the non-movant's failure to respond "may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." Vt. Teddy Bear Co v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) (internal citations and quotation marks omitted). Accordingly, in reviewing a motion for summary judgment—even one that is unopposed—the court must "determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id. (internal quotation marks omitted). The court may accept uncontested affidavits for their truth in summary judgment proceedings. Weinstein v. Albright, 261 F.3d 127, 127 (2d Cir. 2001); C.R.A. Realty Corp. v. Tri-South Investments, 738 F.2d 73, 73 (2d Cir. 1984). If the evidence presented by the movant establishes the non-movant's liability, the court may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." See Fed. R. Civ. P. 56(e)(3).

## II.  BACKGROUND

On July 28, 2001, the United States of America filed a federal student-loan debt enforcement action against Brow under 20 U.S.C. § 1080 for unpaid student loans Brow accrued while a student at Rutgers University from 1979 to 1983. (Compl. (Docket Entry # 2) Ex. A.) The loans sought to be enforced are apparently bundled into three groups: loans from the 1979-1980 and 1980-1981 academic years (the "1979-1981 loans"); loans from the 1981-1982 academic year (the "1981-1982 loans"); and loans from the 1982-1983 academic year (the "1982-1983 loans"). (Id.)

Four years later, after some discovery and numerous continuances and status conferences in this case, the United States took the surprising step of filing two separate actions against Brow in 2005: United States of America v. Brow, No. 05-cv-1607 (SLT) (E.D.N.Y. Mar. 28, 2005) (the "1979-1981 Action") and United States of America v. Brow, No. 05-cv-1609 (SLT) (VVP) (E.D.N.Y. Mar. 28, 2005) (the "1981-1982 Action"). As their short titles suggest, the 1979-1981 Action only sought recovery of the 1979-1981 loans, while the 1981-1982 Action only sought recovery of the 1981-1982 loans. Brow failed to timely file a responsive pleading in either case, and Judge Sandra L. Townes granted the United States' subsequent motions for default judgments. (Order, 1979-1981 Action (Docket Entry # 8); Order, 1981-1982 Action (Docket Entry # 12).) Brow appealed both Orders to the U.S. Court of Appeals for the Second Circuit. (1979-1981 Action (Docket Entry # 18); 1981-1982 Action (Docket Entry # 19).) The Second Circuit dismissed Brow's appeal in the 1979-1981 Action for lack of jurisdiction because "a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291." (Mandate, 1979-1981 Action (Docket Entry # 25).) The Second Circuit did, however, affirm Judge

3

Townes's order of default judgment against Brow in the 1981-1982 Action. (Mandate, 1981-1982 Action (Docket Entry # 23).)

On December 17, 2010, the court held a status conference in this action. (Docket Entry Dec. 17, 2010.) Brow was not present but the United States represented that it attempted to contact Brow to inform him of the conference. (Id.) The court nonetheless set a briefing schedule for the United States' proposed motion for summary judgment, and gave Brow until February 18, 2011 to respond to the United States' proposed motion. (Id.) The United States filed and served its motion on Brow on January 20, 2011. (Def.'s Mot.) On February 15, 2011, rather than substantively respond to the United States' motion, Brow filed a Third-Party Complaint against the Government of the U.S. Virgin Islands. (3d-Party Compl.) The thrust of that Complaint is (1) that the United States' has sought recovery for Brow's unpaid student loans as retaliation for his previous work as a Police Internal Affairs agent in the U.S. Virgin Islands Police Department ("USVIPD"); and (2) that he should be allowed to be indemnified by the USVIPD for the United States' claims against him because he possesses a $130,000 judgment against the USVIPD, stemming from a wrongful termination action he brought against the USVIPD in 1986. (Id.)

## III. DISCUSSION

### A. The United States' Motion for Summary Judgment

1. <u>Liability</u>

In its motion for summary judgment, the United States seeks recovery on only the 1982-1983 loans. (Fisher Aff. (Docket Entry # 23) ¶ 5.) As proof that Brow took out the loans, the United States attaches loan origination documents from Rutgers University for the loans in question bearing Brow's name and signature. (Id. Ex. C at 5-8.) And, as proof that Brow has not paid these loans in full, the United States attaches a Certificate of Indebtedness from the U.S.

4

Department of Education for the 1982-1983 loans stating that Brow defaulted on those loans on August 2, 1984. (Id. Ex. C at 4.) Brow does not contest the authenticity of these documents, or the fact that he took out the 1982-1983 loans and failed to pay them back, in any of his many submissions to the court. Such evidence can constitute sufficient proof that a defendant has defaulted on his student loan debt. E.g., United States v. Terry, No. 08-CV-3785 (DRH) (ETB), 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009) (finding that promissory note and Certificate of Indebtedness from U.S. Department of Education sufficient to hold defendant liable). Accordingly, because there is not a genuine issue of material fact in dispute, the court grants the United States motion for summary judgment.

2. Damages

Under 20 U.S.C. § 1080(a), the "amount of loss" that the United States can recover on a defaulted student loan claim is "an amount equal to the unpaid balance of the principal amount and accrued interest, including interest accruing from the date of submission of a valid default claim . . . to the date on which payment is authorized by the Secretary." And, pursuant to 34 C.F.R. § 685.202(b), any outstanding interest at the time of default is capitalized to the principal for purposes of calculated accrued interest.

According to the Certificate of Indebtedness for the 1982-1983 loans, Brow owed $1,500.00 in principal obligations, $862.68 in interest, and $33.00 in late charges as of March 15, 2001, with interest accruing at a rate of 5% per year. (Fisher Aff. Ex. C at 4.) Because the United States submitted its claim on July 18, 2001, the accrued interest on Brow's principal obligation and capitalized interest until July 11, 2011 is $1,203.18; 33¢ a day for the intervening 3,646 days.[1] This interest shall continue accrue at the same rate, 33¢ a day, from the date of this

---

[1] Under 34 C.F.R. § 685.202, only unpaid interest—and not late fees—are capitalized for purposes of prejudgment interest.

order until the date judgment is entered. Therefore, as of July 11, 2011, the United States is entitled to recover $1,500.00 in principal obligations, $862.68 in interest, $33.00 in late charges, and $1,203.18 in accrued interest, for a total of $3,598.86. The United States is also entitled to post-judgment interest under 28 U.S.C. § 1961.

The United States also seeks costs and fees associated with this action. (Compl. at 2.) The court refers a determination on these issues to Magistrate Judge Joan L. Azrack for a report and recommendation under 28 U.S.C. § 686(b)(1)(B).

### B. The United States' Remaining Claims

Although the court grants the United States' claims on the 1982-1983, it is unclear whether the United States also seeks to recover the 1979-1981 and 1981-1982 loans in this action. The Complaint states that the United States seeks to recover the loans specified in Exhibit A to the Complaint. (Compl. at 2.) Exhibit A includes Certificates of Indebtedness for all three groups of loans. (Compl. Ex. A.) Because the text of the Complaint only discusses the 1982-1983 loans, however, the United States' position on the 1979-1981 and 1981-1982 loans is unclear. In any event, it appears that these claims have already been fully adjudicated in the 1979-1981 and 1981-1982 Actions, as discussed above. The court therefore directs the United States to inform the court within thirty days of the date of this Memorandum and Order of its position with respect to the 1979-1981 and 1981-1982 loans. To the extent the United States desires to continue litigating the 1979-1981 and 1981-1982 loans in this action, it should also inform the court as to why these claims are not barred in light of the disposition of the 1979-1981 and 1981-1982 Actions.

### C. Brow's Counterclaims

Brow also asserts several counterclaims against the United States under various tort theories and the Fair Credit Reporting Act. (Counter-Pl.'s Answer at 2.) The United States has

answered that it is immune from or that the court lacks subject matter jurisdiction to hear such claims. (Id. at 1-2.) No further action has since been taken on these claims. As such, the court orders a briefing schedule for a motion to dismiss with respect to the defenses asserted by the United States. No pre-motion conference is necessary. The court directs the United States to serve its motion to dismiss Brow's counterclaims on Brow by July 29, 2011, if it chooses to file one. Brow shall serve his response to the motion on the United States by August 26, 2011, by mailing his response, by first-class mail, to the United States' attorney of record, Douglas M. Fisher, Solomon & Solomon, Five Columbia Circle, P.O. Box 15019, Albany, New York 15019. The United States shall serve its reply, if any, by September 9, 2011, and electronically file the fully briefed motion the same day.

### D.     Brow's Third-Party Complaint

As discussed above, Brow filed a Third-Party Complaint against the Government of the U.S. Virgin Islands on February 15, 2011. (3d Party Compl.) Under Federal Rule of Civil Procedure 14(a)(1), a defendant may file a third-party complaint as of right within fourteen days after serving a responsive pleading. After this fourteen day window, however, the defendant must obtain leave of court to do so. See Fed. R. Civ. P. 14(a)(1). Here, Brow filed his responsive pleading on September 5, 2001, but did not file his Third-Party Complaint against the Government of the Virgin Islands until February 15, 2011—more than *nine years* after his original responsive pleading. Moreover, Brow knew of his complaint against the Government of the Virgin Islands at least by 2008 because he then filed a substantially similar third-party complaint in the 1981-1982 Action. (See Order, 1981-1982 Action (Docket Entry # 32).) In that action, Judge Townes struck Brow's third-party complaint for failure to comply with Rule 14(a)(1)'s time strictures. Accordingly, in light of Rule 14(a)(1), the court strikes Brow's Third-Party Complaint against the Government of the Virgin Islands and directs the Clerk of Court to

7

remove Brow's third-party plaintiff claims from the docket caption. If Brow wishes to reinstate his Third-Party Complaint against the Government of the Virgin Islands, he may move the court for leave to do so within thirty days of the date of this Memorandum and Order, and must demonstrate why the court should countenance his more than *nine year delay* in bringing these claims.

## IV. CONCLUSION

The court GRANTS Plaintiff's motion for summary judgment and awards Plaintiff $1,500.00 in principal obligations, $862.68 in interest, $33.00 in late charges, and $1,203.18 in accrued interest, for a total of $3,598.86. Pre-judgment interest shall continue to accrue at the rate of 33¢ a day from July 11, 2011 until judgment is entered. Plaintiff is also entitled to post-judgment interest under 28 U.S.C. § 1961. Plaintiff's motion for costs and fees associated with this action is REFERRED to Magistrate Judge Joan L. Azrack for a report and recommendation pursuant to 28 U.S.C. § 686(b)(1)(B);

Plaintiff is ORDERED to inform the court within thirty days of the date of this Memorandum and Order of its position with respect to the 1979-1981 and 1981-1982 loans, as described above;

Plaintiff is further ORDERED to comply with the briefing schedule set forth above with respect to Counter Defendant's defenses asserted in regards to Counter Plaintiff's counterclaims;

And the court STRIKES Defendant's Third-Party Complaint for failure to comply with the time limits set forth in Federal Rule of Civil Procedure 14(a)(1) and directs the Clerk of Court to remove Defendant's third-party claims from the docket caption.

SO ORDERED                                                                                     s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                                          NICHOLAS G. GARAUFIS
July /2_, 2011                                                                             United States District Judge