UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

      -against-                           **REPORT AND RECOMMENDATION**

RONALD A. BROW,
                                                       01-CV-4797 (NGG) (JMA)

                Defendant.
----------------------------------------------------------------X

A P P E A R A N C E S:

Douglas M. Fisher
Solomon & Solomon
Five Columbia Circle
P.O. Box 15019
Albany, NY 12203
     *Attorney for Plaintiff*

Ronald A. Brow
P.O. Box 1845
Queens, NY 11101
     *Pro Se Defendant*

**AZRACK, United States Magistrate Judge:**

On November 17, 2011, the Honorable Nicholas G. Garaufis referred pro se defendant Ronald A. Brow's Petition for a Writ of Mandamus and Motion for Sanctions to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Order Referring Motions, ECF No. 37. For the reasons set forth below, I respectfully recommend that the Petition be dismissed with prejudice and the Motion for Sanctions be denied.

                                **I.    BACKGROUND**

On July 7, 2001, the United States of America ("plaintiff") commenced this action against Ronald A. Brow ("Brow") seeking recovery of debts Brow owed from educational loans made between 1979 and 1983. ECF No. 1. On August 1, 2001, plaintiff sent Brow a letter

advising him that he was being served with an Order to Appear at an initial conference before me. ECF No. 3. On September 5, 2001, Brow filed an Answer and Counterclaim alleging, inter alia, that plaintiff had failed to effect proper service under Federal Rule of Civil Procedure ("FRCP") 4. ECF No. 4. Initial proceedings and discovery followed over the next several years, but on March 2, 2005, I stayed discovery upon plaintiff's notification that it intended to file two other actions regarding Brow's other unpaid debts. ECF No. 17.

On March 22, 2006, plaintiff filed a Motion to Consolidate Cases, asking that the court consolidate the instant case with two actions filed in the Eastern District of New York in 2005, both for recovery on student loans. EFC No. 20; see also United States of America v. Brow, No. 05-CV-1607 (E.D.N.Y. Mar. 28, 2005), and United States of America v. Brow, No. 05-CV-1609 (E.D.N.Y. Mar. 28, 2005). Judge Garaufis denied this motion in an order dated June 20, 2006.[1] ECF No.

On December 17, 2010, Judge Garaufis held a status conference wherein he approved a motion schedule for plaintiff to file a motion for summary judgment.[2] Plaintiff filed its motion for summary judgment on January 20, 2011. ECF No. 23. On February 15, 2011, Brow filed a Third-Party Complaint against the Government of the U.S. Virgin Islands. Def.'s Third-Party Compl., ECF No. 25. His Third-Party Complaint alleged that he should be indemnified by the U.S. Virgin Islands for plaintiff's claims against him because he possesses a judgment against

---

[1] On March 30, 2006, Judge Sandra L. Townes ordered default judgments in the actions United States of America v. Brow, No. 05-CV-1607 (E.D.N.Y. Mar. 28, 2005), and United States of America v. Brow, No. 05-CV-1609 (E.D.N.Y. Mar. 28, 2005), granting plaintiff's motions for default judgments against Brow in the amount of $2,229.09 and $2,669.17, respectively. Default Judgment, ECF No. 8, 05-CV-1607; Default Judgment, No. 05-CV-1609, ECF No. 12.

[2] Brow did not attend the status conference. Minute entry for proceedings before Judge Garaufis, December 17, 2010. The Minute Entry for the conference notes that plaintiff's counsel represented that he had attempted to contact defendant about the status conference but had not been successful. Id.

the U.S. Virgin Islands Police Department from a 1986 wrongful termination action. Id.; Order Granting Mot. Summ. J., July 13, 2011 (summarizing Brow's third-party claims), ECF No. 26.

On July 13, 2011, Judge Garaufis issued a Memorandum and Order granting summary judgment for the plaintiff and striking Brow's Third-Party Complaint as untimely under FRCP 14(a)(1).[3] Id. Judge Garaufis advised Brow that if he "wishes to reinstate his Third-Party Complaint against the Government of the Virgin Islands, he may move the court for leave to do so within thirty days," though he must "demonstrate why the court should countenance his more than *nine year delay* in bringing these claims." Order Granting Mot. Summ. J., July 12, 2011 at 8 (emphasis in original).

Brow did not move for leave to reinstate the Third-Party Complaint, but filed a Petition for Writ of Mandamus ("Petition") dated August 22, 2011, asking that the Government of the Virgin Islands be directed to "produce all funds unlawfully being held by respondents." Pet. for Writ of Mandamus, ECF No. 28 ¶ 14. According to the Petition, the Government of the U.S. Virgin Islands owes Brow "as a matter of law" because of a "legal and unappealable judgment" of the Territorial Court of the Virgin Islands, entered in 1989.[4] Id. ¶ 6, Ex. A-3. Brow alleges that the U.S. Virgin Islands must be compelled to disburse the money because he has a clear right to the money owed, and withholding the money is in direct contravention of numerous federal laws.[5] See id. In the Petition, Brow seeks the money owed him under the 1989

---

[3] Judge Garaufis awarded plaintiff unpaid loan principal, interest, and late fees, and referred the issue of costs and fees to me for recommendation. Order Granting Mot. Summ. J., July 13, 2011 at 6. However, plaintiff's letter of September 9, 2011, withdrew plaintiff's request for costs and fees. Pl.'s Ltr. Status Report, ECF No. 32.

[4] In his Petition, Brow refers to this judgment as that of the "U.S. District Court Appellate Judgment." Petition for Writ of Mandamus ¶ 6, ECF No. 28. The only judgment this Court can find entitling Brow to anything is that of the Territorial Court, which is attached as an exhibit to both the Petition and the Third-Party Complaint. Thus, I will assume that Brow meant to refer to this judgment.

[5] Brow alleges that withholding this money violates, inter alia, the United States Debt Collection Procedure Act, the Fair Labor Standards Act, the United States Constitution Amendments I-VI, the Supremacy Clause, and the Racketeering Influenced Corrupt Organizations Act. See Pet. for Writ of Mandamus, ECF No. 28.

judgment, along with interest and damages totaling over $2 million.  Id. ¶¶ 5, 21, Exs. A-5, A-6.  This Petition for Writ of Mandamus is now before me for a recommendation.

On September 8, 2011, Brow also filed a Motion for Sanctions based on plaintiff's failure to file proof of service of the summons and complaint, which alleges that plaintiff's attorneys fraudulently represented to the court that plaintiff completed proper service under the FRCP.  Def.'s Mot. for Sanctions, ECF No. 33.  Brow alleged that plaintiff's attorneys had failed to respond to his discovery request for proof of service, and had denied him his Constitutional due process of law by failing to properly serve the summons and complaint.  Id. ¶ 5.  Plaintiff Opposition to Brow's motion on September 9, 2011, arguing that Brow waived his objections to improper service by answering the complaint, counterclaiming, and appearing before the court.  Pl.'s Opp. to Mot. for Sanctions, ECF No. 34.

As an attachment to its Opposition, plaintiff provided the Affidavit of Service upon Brow, executed on August 6, 2001.  This affidavit shows that Brow was served by the "leave and mail" method, with a copy of the summons and complaint given to someone at Brow's residence, and a copy mailed to Brow's last known address.  Id., Attachment 1.  Brow did not reply to this Opposition.  Brow's Motion for Sanctions is also before me for a recommendation.

## II.  DISCUSSION

### A. Writ of Mandamus

This is not the first time Brow has petitioned a federal court for a writ of mandamus on this issue.  In Brow v. Farrell, 994 F.2d 1027 (3d Cir. 1993), the Third Circuit upheld the District Court for the District of the Virgin Islands' dismissal of a Petition for Writ of Mandamus brought by Brow to compel the payment of his wages and benefits, as allegedly owed under the 1989

4

order of the Territorial Court.[6] Brow's Petition in this case fails for several reasons, but most notably it fails under the precedent of Brow's previous case.[7]

For the reasons discussed below, this Court lacks subject matter jurisdiction over this Petition. Moreover, even if Brow's Petition is construed liberally as a motion demonstrating why he should be allowed to file a Third-Party Complaint against the Government of the U.S. Virgin Islands, the Petition must be denied because it does not demonstrate cause for the delay in filing.

1. *Lack of Subject Matter Jurisdiction*

In Brow v. Farrell, The Third Circuit determined that the District Court for the District of the Virgin Islands did not have subject matter jurisdiction to grant Brow's Petition for Writ of Mandamus against the Government of the U.S. Virgin Islands and numerous government officials. Brow, 994 F.2d at 1037. The court was satisfied that, although Brow entitled his action "Petition for Writ of Mandamus," he "merely [sought] enforcement of the Territorial Court's December 22, 1989 judgment." Id. at 1036.

In addressing Brow's 1992 Petition, the Third Circuit outlined the legal relationship between the unincorporated territory of the U.S. Virgin Islands and the U.S. Congress, and explained the jurisdictional framework of the District Court for the District of the Virgin Islands and the Territorial Court. Id. at 1034. The court concluded that, based on provisions of the

---

[6] Also, in Brow v. U.S. District Court of Government of U.S. Virgin Islands, 121 Fed.Appx. 443 (3d Cir. 2005), the Third Circuit affirmed denial of a "petition for mandamus-like relief" brought by Brow asking the court to order the Government of the U.S. Virgin Islands to pay salary he was allegedly owed, reasoning that Brow could obtain the relief he sought through other avenues and thus mandamus was not merited. Id. at 447. Because the instant Petition fails for lack of subject matter jurisdiction, an analysis of whether the requirements for mandamus relief are met is not necessary.

[7] Although the Third Circuit's opinion in Brow v. Farrell indicates that the issue raised in this Petition has already been contemplated, the doctrine of res judicata might not preclude the Petition because the Circuit ultimately dismissed the previous Petition for lack of subject matter jurisdiction. See St. Pierre v. Dyer, 208 F.3d 394, 400 (2d Cir. 2000) (noting that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, and hence has no res judicata effect"). However, because this Petition fails for lack of subject matter jurisdiction, a res judicata analysis is not necessary.

5

Virgin Islands Code, the judgment must be enforced in the court where it was issued. Id. at 1037 (citing Sections 471–79 of Title 5 of the Virgin Islands Code (1967 & Supp. 1991); 5 V.I. Code app. IV, Rule 51). Thus, only an action in the Territorial Court could enforce the Territorial Court judgment. Id.

Moreover, the court noted that even if Brow's case had been transferred to the Territorial Court, he was unlikely to succeed on the merits. Id. Virgin Islands law dictates that "money judgments against the Virgin Islands government cannot be enforced by writ of execution or writ of mandamus." Id. (quoting Lindway v. Government of V.I., 19 V.I. 193, 194 (D.V.I. 1982)).

In the instant Petition, Brow includes numerous allegations of conspiracy and wrongdoing on the part of the U.S. Virgin Islands, but he essentially asks for enforcement of the same "unappealable judgment" of the Territorial Court.[8] Pet. For Writ of Mandamus, ¶ 6, ECF No. 28. However, the Third Circuit has already determined that such enforcement can only be obtained in the Territorial Court. Brow, 994 F.2d at 1037.

In other words, an earlier Petition requesting the same relief as that sought by Brow in this case has already been considered and rejected by a federal district court. Therefore, Brow's Petition fails for lack of subject matter jurisdiction under the persuasive precedent of Brow v. Farrell, 994 F.2d 1027 (3d Cir. 1993). Moreover, even if this Court did have subject matter

---

[8] Additionally, Brow seems to argue that the enforcement of the Territorial Court judgment must be given priority over the judgment against him in this case. Pet. For Writ of Mandamus, ¶¶ 6, 14, 17, 22.

jurisdiction over this Petition, the Petition would likely be barred by sovereign immunity[9] and would fail to establish the elements requiring the extraordinary remedy of mandamus.[10]

  2. *Failure to Demonstrate Cause for Delay*

On July 13, 2011, Judge Garaufis dismissed Brow's Third-Party Complaint against the U.S. Virgin Islands and gave Brow thirty days to demonstrate why his Third-Party Complaint should be allowed more than nine years after the claim arose. Order at 8, ECF No. 26. Because Brow filed this Petition one week after the thirty days had expired, this Petition could be construed liberally as a tardy response to Judge Garaufis' Order. However, Brow's Petition fails to demonstrate cause for the delay, and thus fails to establish why the Third-Party Complaint should be reinstated.

Brow's Petition contains largely the same allegations as his Third-Party Complaint, has mostly the same exhibits, and does not directly address the delay. The only allegation that could be construed as addressing the delay is the allegation that he "investigated and coordinated with various Federal Agencies confirming the respondents [sic] corrupt conduct causing [Brow] to fear for his safety and safety, [sic] of his family." Pet. for Writ of Mandamus, ECF No. 28. Even construing this liberally as an allegation that he could not bring these claims out of fear of retaliation against his family, this explanation holds no merit. As Judge Garaufis noted, Brow attempted to file a similar Third-Party Complaint against the U.S. Virgin Islands in his action

---

[9] This Petition names as the Respondent the Government of the U.S. Virgin Islands, an entity that has been statutorily granted sovereign immunity, rather than naming individual respondents in their official capacities. See Commissioner of Dept. of Planning and Natural Resources v. Century Alumina Company, LLLP, No. 05-CV-0062, 2009 WL 1749952, at *3 (D. Virgin Islands 2009) (examining the caselaw and statutes relating to the sovereign immunity of the Virgin Islands and explaining that the territory has been given statutory sovereign immunity through acts of Congress); Moorhead v. Government of the Virgin Islands, 556 F.Supp. 174, 175 n.1 (D.C. Virgin Islands 1983) (discussing several opinions of Territorial Courts and the district court where judges concluded that "the Territory of the Virgin Islands is to be treated as a state, rather than a municipality, for purposes of sovereign immunity").

[10] In Brow v. U.S. District Court of Government of U.S. Virgin Islands, 121 Fed.Appx. 443 (3d Cir. 2005), the Third Circuit explained that Brow had not proven that he had no other remedies, and that he was not entitled to the "extraordinary remedy" of mandamus. Id. at 445–46.

before Judge Townes in 2008. Order at 8, ECF No. 26; see also United States v. Brow, No. 05-CV-1609, ECF No. 32. Moreover, the other cases on this same claim indicate that Brow has been in federal court on these matters for the last ten years. See, e.g., Brow v. U.S. District Court of Government of U.S. Virgin Islands, 121 Fed.Appx. 443, 444–445 (3d Cir. 2005) (referring to Brow's long-running ongoing litigation in the district court, and 2003 petition to the Third Circuit).

Moreover, the only evidence Brow submits of wrongdoing on the part of the U.S. Virgin Islands is in the form of news articles detailing the corruption of the territory. See Pet. for Writ of Mandamus, Exs. A-8, B-6–14. There is no evidence specific to Brow or his family, nor any connection made between the news articles and the instant action. Therefore, Brow fails to adequately demonstrate why Judge Garaufis should allow him leave to file the Third-Party Complaint against the Government of the U.S. Virgin Islands.

Brow's petition fails for lack of subject matter jurisdiction, and fails to demonstrate cause for the delay in bringing the Third-Party Complaint against the U.S. Virgin Islands. Over the last twenty years, Brow has brought the same claim before numerous federal courts. He has altered slightly the manner by which the claim is raised, and has varied the name of his adversary in such a way that courts and legal research databases have failed to note the related cases. Brow continues to bring this claim, despite having been admonished that he is not entitled to relief.[11] Thus, I respectfully recommend that the Petition be dismissed with prejudice.

---

[11] In 1992, the District Court for the District of the Virgin Islands felt compelled to order that Brow be prevented from filing any future pleadings or motions in the court unless he could demonstrate that the matters to be raised were new and never before considered by the federal court or Territorial Court. Brow, 994 F.2d at 1038. The Third Circuit vacated this order based on the fact that Brow was not given a chance to be heard in response. Id. Since then, Brow has filed numerous actions in the Third Circuit, and has attempted to bring these same claims in this district. In addition to filing the instant Petition and Third-Party Complaint, Brow attempted to bring this claim as a Third-Party Complaint in the case before Judge Townes. United States v. Brow, No. 05-CV-1607, ECF No. 30. Judge Townes dismissed this Third-Party Complaint as untimely and filed without leave. United States v. Brow, No. 05-CV-1607, ECF No. 32.

## B. **Motion for Sanctions**

Brow argues that plaintiff's counsel should be sanctioned under because counsel failed to respond to his request for production of proof of service, and that the attorneys fraudulently represented to Judge Garaufis at the December, 2001, conference that Brow had been properly served with a summons and complaint. Def. Mot. for Sanctions, ECF No. 33. Brow also argues:

> That to date Attorney Douglas Fisher and the Law Firm of Solomon and Solomon representing themselves as debt collectors have failed to respond to Plaintiffs discovery request and produce and provide Proof of Service of a properly served complaint and summons pursuant to Rule 4 of the Federal Rule Civil Procedure [sic], and denied defendant his proper U.S. Constitutional due process of law.

Def. Mot. for Sanctions, ECF No. 33. Brow's motion raises the issue of whether plaintiff's counsel should be sanctioned for failing to produce the Affidavit of Service in response to Brow's discovery request, and for making fraudulent representations about service to the Court. Construing Brow's arguments liberally, this motion also raises the issue of the Court's personal jurisdiction over Brow.[12] I will address each of these issues in turn.

### 1. *Failure to File Proper Proof of Service*

Service that is made but does not fully comply with the statutory requirements indicate a lack of personal jurisdiction over a party, unless that party's conduct waives the personal jurisdiction objection. Burton v. Northern Dutchess Hosp., 106 F.R.D. 477, 480–81 (S.D.N.Y. 1985). When a defendant participates in the litigation, delays in making an objection to personal jurisdiction, and then makes an objection[13] that could have been easily cured through amending

---

[12] Brow never made an explicit objection to personal jurisdiction. See docket 01-CV-4797. He did, however, allege in his Answer that he had not been properly served. Answer, ECF No. 4. The Court addresses the issue of personal jurisdiction based on pro se Brow's assertion in his Motion for Sanctions that plaintiff's errors relating to service had denied him due process of law. See Triestman v, Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest").

[13] I use the term "objection" to refer to Brow's arguments about due process in his Motion for Sanctions.

9

service or proof of service in the first place, the defendant has waived the personal jurisdiction objection. Datskow v. Teledyne, Inc., Continental Products Div., 899 F.2d 1298, 1302–03 (2d Cir. 1990); Federal Home Loan Mortgage Corporation v. Dutch Lane Associates, 775 F.Supp. 133, 136–38 (S.D.N.Y. 1991).

Here, Brow participated in the lawsuit and, after asking for the proof of service in his discovery request, failed to raise the issue again until ten years later. More importantly, the tardy Affidavit plainly indicates that Brow was served in accordance with New York law and the FRCP.[14] Plaintiff's failure to file proper proof of service is easily disposed because the FRCP allow a court to permit an amended proof of service. Fed. R. Civ. Pro. 4(l)(3).

Undoubtedly, this amendment should have been made ten years ago. However, plaintiff's omission, though indicative of irresponsible lawyering, does not change the fact that this Court had personal jurisdiction over Brow.

2. *Failure to Produce Proof of Service in Discovery*

Sanctions for failure to produce documents during discovery can arise under FRCP 37, or under a court's inherent authority to manage its own affairs. Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 106–07 (2d Cir. 2002). Under Rule 37, a court may sanction a party that disregards a court order compelling discovery. Id.; Fed. R. Civ. P. 37. Under its inherent authority, a court faced with a party's breach of a discovery obligation for nonproduction of evidence has broad discretion to fashion sanctions. Residential Funding, 306 F.3d at 107. Such sanctions can be merited for bad faith actions on behalf of a client, or for a

---

[14] According to Rule 4 of the FRCP, service of an individual within the United States is proper if it comports with the state law of the state where the district court is located. Fed. R. Civ. Pro. 4(e)(1). New York law allows for personal service by upon an individual by "delivering the summons within the state to the person to be served" or "delivering the summons within the state to a person of suitable age and discretion at the . . . usual place of abode of the person to be served . . . and by mailing the summons by first class mail." N.Y. C.P.L.R. § 308(2) (McKinney 2010).

lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court. Wells Fargo Bank, N.A. v. National Gasline, Inc., No. 10-CV-1762, 2011 WL 2490808, at *2 (E.D.N.Y. June 22, 2011).

Here, Brow filed a "Demand for Production of Documents," but made no further motion to compel production of the proof of service. See docket 01-CV-4797; ECF No. 6. Although there were several discovery conferences before plaintiff began the process of filing its summary judgment motion, there was never a docketed order, or even a note in a minute entry, directing plaintiff to file the proof of service. Therefore, plaintiff did not disregard any order of the court, as would merit sanctions under the plain language of Rule 37.

Here, there is also no evidence of bad faith. Plaintiff's attorneys essentially admitted their own negligence in failing to file the proof of service. Pl.'s Opp. to Mot. for Sanctions ¶¶ 6–7 ("There are numerous United States of America files with Ronald Brow on various loans. In reviewing the docket, I actually do not see a separate entry for the affidavit of service."). However, this negligence did not interfere with the Court's ability to manage this case beyond allowing this issue to survive after entry of summary judgment against Brow. Therefore, the actions of plaintiff's counsel do not rise to the level of sanctionable conduct.

   3. *Fraudulent Representations*

Rule 11 of the FRCP provides that, by making statements to the Court, attorneys are "certif[ying] to the best of the person's knowledge . . . the factual contentions have evidentiary support or . . . the denials of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b). The imposition of sanctions for violations of Rule 11(b) is a matter for the Court's discretion. Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004).

Brow argues that plaintiff's counsel made false representations to the Court about service of the Summons and Complaint. Def. Mot. for Sanctions, ECF No. 33. He does not, however,

11

identify the allegedly fraudulent representations, and this Court's review of the docket does not reveal any specific statements from plaintiff's counsel regarding service. Moreover, the Affidavit of Service shows that Brow was properly served, so any of plaintiff attorney's statements to that end were indeed truthful. Thus, there is no evidence of any fraudulent statements rising to the level of those meriting sanctions under Rule 11.

In sum, none of the issues raised by Brow's Motion for Sanctions compel this Court to recommend sanctions on plaintiff attorneys. Therefore, I respectfully recommend that Brow's Motion for Sanctions be denied.

### III.  CONCLUSION

For the foregoing reasons, I recommend that Brow's Petition for a Writ of Mandamus be dismissed with prejudice, and that Brow's Motion for Sanctions be denied. Plaintiff is directed to serve a copy of this Report and Recommendation on Brow and to promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.


SO ORDERED.

Dated: December 28, 2011
　　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE