FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 16 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

            Plaintiff/Counter-Defendant,

    -against-

RONALD A. BROW,

            Defendant/Counter-Plaintiff.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**01-CV-4797 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant/Counter-Plaintiff Ronald A. Brow, pro se, has filed a petition for writ of mandamus requesting that non-party the United States Virgin Islands ("USVI") be directed to pay a judgment that Brow holds against that entity. (Pet. for Writ of Mandamus (Docket Entry # 28).) Brow has also filed a motion for sanctions against counsel to Plaintiff/Counter-Defendant United States for not filing proof of service, not producing proof of service during discovery, and falsely representing to the court that he had been served. (Mot. for Sanctions (Docket Entry # 33).) The court referred these motions to Magistrate Judge Joan M. Azrack for a Report and Recommendation ("R&R"). (Nov. 17, 2011 Order Referring Mot. (Docket Entry # 37).) Judge Azrack has made her R&R (Docket Entry # 38), and Brow has objected to the R&R (Objections (Docket Entry # 41).)

Upon due consideration, the court OVERRULES Brow's objections to the R&R, ADOPTS the R&R, and accordingly DISMISSES Brow's petition for a writ of mandamus and DENIES his motion for sanctions against United States' counsel.

**I.   BACKGROUND**

The history of this case is recounted in detail in the court's opinion granting partial summary judgment to the United States. (July 13, 2011 Mem. & Order (Docket Entry # 26) at 3-

1

4.) The court recounts only the portions of the background relevant to these two motions. Brow filed a Third-Party Complaint against the USVI on February 15, 2011, alleging that it owed him money from a 1989 lawsuit. (Third-Party Compl. (Docket Entry # 25) at 6-7.) The court struck that Complaint because it was filed after the fourteen-day window that Federal Rule of Civil Procedure 14(a)(1) gives a defendant to file a third-party complaint after filing an answer; in Brow's case, there was a more than nine-year delay between Brow's Answer and his attempt to add the Third-Party Complaint. (July 13, 2011 Mem. & Order at 7-8.) The court noted that Brow had not offered a reason for the delay, and directed him to make such an explanation if he wished the court to reconsider its decision to strike the Complaint. (Id. at 8.) Brow did not offer an explanation of the delay; instead, he petitioned the court for a writ of mandamus against the USVI that is substantively identical to the stricken Complaint. (Compare Pet. for Writ of Mandamus with Third-Party Compl.)

Although Brow Answered this suit on September 5, 2001, the United States did not file proof of service by a process server's affidavit until September 9, 2011; however, the affidavit shows a date of service in 2001. (See Aff. of Service (Docket Entry # 34).) The United States filed this affidavit in response to Brow's motion for sanctions against United States' counsel for failing to file proof of service. (Mot. for Sanctions (Docket Entry # 33) at 1.) In his motion, Brow alleges that he demanded proof of service from the United States, but its counsel did not provide it to him. (Id. ¶¶ 1, 3.) Brow also alleges that the United States' counsel falsely represented to the court that they had properly served Brow with the suit. (Id. ¶¶ 2, 4.) Brow alleges that this failure deprived him of his right to due process of law. (Id. ¶¶ 5.) Read liberally, as befits Brow's status as a pro se litigant, Brow's motion could be seen to raise an objection to the court's jurisdiction over him, by challenging the validity of service.

2

## II.  STANDARD OF REVIEW

When a magistrate judge has issued an R&R and that R&R has been served on the parties, a party has fourteen days to object to the report. Fed. R. Civ. P. 72(b)(2). Once a district court has received timely objections to an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which they object." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-cv-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012) (citation omitted). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour Corp., 2012 WL 728227, at *2.

## III.  DISCUSSION

### A.  Petition for Writ of Mandamus

Judge Azrack's R&R recommended that the court deny Brow's petition for writ of mandamus for lack of subject matter jurisdiction; and, to the extent the petition is an attempt to show cause for Brow's delay in filing a Third-Party Complaint, reject it for failing to show cause. (R&R at 8.) Brow raised three objections that refer to the petition for writ of mandamus: (1) the R&R is factually inaccurate in referring to the judgment in Brow's favor as originating from the Territorial Court of the Virgin Islands, rather than a United States District Court;

3

(2) that the R&R misapplied, in some unspecified way, a Third Circuit opinion denying mandamus-like relief in Brow v. Farrell, 994 F.2d 1027 (3d Cir. 1993); and (3) that Brow's petition for a writ of mandamus is proper under several federal constitutional and statutory provisions. (Objections ¶¶ 8-10.)

Brow's first objection is that the R&R inaccurately labels the court that issued the judgment in Brow's favor the Territorial Court rather than the United States District Court. (See R&R at 3 n.4.) Because Brow's objection is specific, the court reviews the R&R's conclusion on this point de novo. Brow attached photocopies of a notice of judgment and an order awarding him backpay from the USVI, both issued by the Territorial Court of the Virgin Islands on December 22, 1989. (See Pet. for Writ of Mandamus Exs. (Docket Entry # 28-3) A.1-A.2.) The document that Brow claims proves that the judgment in his favor was issued by the United States District Court for the District of the Virgin Islands appears to be that court's dismissal of an appeal from the Territorial Court case, not a judgment. (See Ex. A.) The fact that the judgment was issued by the Territorial Court is confirmed by another document that Brow attached as an exhibit: a writ of execution from the Territorial Court which refers to a judgment issued by that court. (See Ex. A.3.) Brow's own documents make clear that the Territorial Court issued the judgment Brow wishes to enforce, and the United States District Court, at most, affirmed that judgment on appeal. The court overrules Brow's objection on this point.

Brow's second and third objections—that the R&R misapplies Brow v. Farrell in some unspecified way, and that Brow is entitled under federal law to mandamus relief—are general and conclusory objections which do not require the court to review the R&R de novo. Therefore, the court reviews the R&R's determination that the court lacks subject matter jurisdiction over

4

Brow's petition for clear error. (See R&R at 5-7.) Finding none, it overrules Brow's general objections and adopts this portion of the R&R.

Brow does not raise any objection to the R&R's recommendation that, to the extent Brow's petition is an attempt to show cause for the almost decade-long delay in filing a Third-Party Complaint, it should be denied for failing to do so. (See R&R at 7-8.) The court therefore reviews that determination for clear error. Finding none, it adopts this portion of the R&R as well.

### B.    Motion for Sanctions

Judge Azrack recommended denying Brow's motion for sanctions. (R&R at 12.) The R&R concluded that, to the extent Brow's motion raised a challenge to the court's jurisdiction over Brow, that challenge (1) had been waived by Brow's long participation in the case and (2) was groundless in light of the proof of service the United States tardily filed. (Id. at 9-10.) The R&R concluded that to the extent the motion attempted to allege a discovery violation, it failed because the court had never ordered the United States to produce proof of service. (Id. at 11.) Finally, to the extent the motion attempted to establish that the United States' counsel made misrepresentations to the court, it failed to do so because it did not identify any specific misrepresentation and because, in any case, Brow had been served, so any representations that counsel did make about service were truthful. (Id. at 12.)

Brow raises four objections to the R&R's recommendation on his motion for sanctions: (1) that the proof of service the United States filed in response to his motion is fraudulent; (2) that there is no executed summons listed on the docket sheet; (3) that a summons is a necessary part of service of process; and (4) that Brow had been denied a fair hearing in violation

of due process.[1] (Objections ¶¶ 4-7.) These objections go to the R&R's decision that any objections to service of process had been waived and that service had been properly proved in any case, and so the court reviews these determinations de novo. Even reviewing de novo, the court finds no error.

First, the court notes that all of Brow's arguments in his original motion went to a failure to provide <u>proof</u> of service, not an argument that service <u>itself</u> was inadequate. Even if a plaintiff fails to prove service by not filing the required affidavit, service is still valid if it otherwise followed the requirements of Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(l)(3). Brow's arguments about the lack of proof of service, even if true, do not invalidate the underlying act of service; therefore, there is no reason to believe that this court lacks jurisdiction over Brow or that Brow lacked notice of the case against him.

Second, even if Brow were presenting an argument that challenged the validity of service, errors in service of process and jurisdiction are waived by a defendant's participation in a case. See, e.g., <u>Datskow v. Teledyne, Inc., Continental Prod. Div.</u>, 899 F.2d 1298, 1302-03 (2d Cir. 1990). Brow has Answered, Counterclaimed, and otherwise participated in this litigation for ten years. Through this long participation, he has waived any objection he might have had to the service of process and the court's personal jurisdiction.

Last, the court finds that, although it is tardily filed, there appears to be nothing fraudulent about the affidavit proving service. (<u>See</u> Aff. of Service at 1.) Thus, the court concludes that the United States has followed Rule 4 of the Federal Rules of Civil Procedure

---

[1] Brow' first three objections appear to relate to the two lawsuits the United States filed against him in 2005, which were assigned to a different district court judge and magistrate judges and are irrelevant to the motions before this court in this case. (See Objections ¶¶ 1-3 (citing <u>United States v. Brow</u>, No. 05-cv-1607 (SLT) (CLP) & <u>United States v. Brow</u>, No. 05-cv-1609 (SLT) (VVP)).)

both in the manner of service and the proof of service. The court overrules Brow's objections to the R&R and adopts this portion of it.

None of Brow's objections responds to the R&R's conclusions that United States' counsel had not violated a discovery order nor made false representations to the court. (See R&R at 10-12.) Therefore, the court reviews those portions of the R&R for clear error. Finding none, the court adopts these portions of the R&R.

## IV.  SCHEDULING ORDER

The only remaining issues in this decade-old case are Brow's claims against the United States of violations of the Fair Credit Reporting Act and breach of contract. (Answer & Countercl. at 2.) The United States filed an Answer to Brow's Counterclaim and raised affirmative defenses in the nature of statute of limitations and lack of subject matter jurisdiction. (Countercl. Answer (Docket Entry # 7) at 1-2.) There has been no further motion practice relating to those defenses. The United States is ordered to inform the court in writing whether it intends to pursue those defenses in the form of motions to dismiss or motions for judgment on the pleadings. If the United States does intend to make a motion to dismiss or for judgment on the pleadings, then the United States and Brow shall follow the following schedule: The United States shall serve its motion on Brow by April 12, 2012; Brow shall serve his opposition on the United States by May 25, 2012; and, the United States shall serve its reply, if any, and file the bundled motion by June 4, 2012. If the United States does not intend to make such a motion, then the United States and Brow shall schedule a status conference before Judge Azrack to set a discovery schedule or, if no discovery is needed, develop a joint pretrial order.

7

## V.  CONCLUSION

For the foregoing reasons, the court OVERRULES Brow's objections to the R&R, ADOPTS the R&R, DIMISSES Brow's petition for writ of mandamus, and DENIES his motion for sanctions.

SO ORDERED                                                          s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                NICHOLAS G. GARAUFIS
      March _15_, 2012                                        United States District Judge

8