UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff/Counter-Defendant,

    -against-

RONALD A. BROW,

        Defendant/Counter-Plaintiff.
-----------------------------------------------------------------X

**ORDER**

**01-CV-4797 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On May 4, 2014, pro se Defendant Ronald A. Brow ("Defendant") filed a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b). (Mot. for Relief from J. ("Def.'s Mot.") (Dkt. 57).) On November 25, 2014, the Government filed its response in opposition. (Gov't's Mem. of Law in Opp'n to Mot. ("Gov't's Mem.") (Dkt. 60-1).) For the following reasons, Defendant's motion is DENIED.

The court assumes familiarity with the underlying facts of the case. In July 2001, the Government filed a student loan debt enforcement action against Defendant. (Compl. (Dkt. 2).) On July 13, 2011, the court granted the Government's motion for summary judgment and awarded the Government approximately $3,600 in principal and accrued interest. (July 13, 2011, Mem. & Order (Dkt. 26).) In Defendant's Answer, however, he alleged counterclaims against the Government for breach of contract and a violation of the Fair Credit Reporting Act. (Answer (Dkt. 4) at 2.) The Government subsequently moved for summary judgment on the counterclaims (Mot. for Summ. J. (Dkt. 48)), which the court granted on March 4, 2014 (Mar. 4, 2014, Mem. & Order (Dkt. 54)).

The court construes Defendant's three-paragraph motion as asserting that (1) the Government, its counsel, and the government of the United States Virgin Islands ("USVI"),

1

defrauded Defendant in violation of his civil rights, (2) employees in the court's pro se office barred Defendant from presenting his claims on account of his race, and (3) Defendant has a medical issue that prevented him from adequately addressing these issues in response to the Government's motion for summary judgment. (See Def.'s Mot.) In response, the Government maintains that Defendant's allegations are conclusory and lacking in factual or documentary support. (Gov't's Mem. at 3.) The Government also points out that Defendant's counterclaims made no assertions of civil rights violations or fraud, and that Defendant's claims against the USVI were already dismissed in United States v. Brow, No. 05-CV-1607 (SLT) (MDG), 2009 WL 393645, at *1 (E.D.N.Y. Feb. 13, 2009). (See id. at 5.)

Because Defendant is proceeding pro se, the court is "obliged to construe [his] pleadings and papers liberally." LaBounty v. Adler, 933 F.2d 121, 122 (2d Cir. 1991). A pro se litigant's submissions are to be interpreted "to raise the strongest arguments they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Still, Defendant's pro se status does insulate him from complying with relevant procedural rules. Gibson v. Wise, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004).

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009).

2

Although Defendant has not identified the specific basis for his Rule 60(b) motion, the court construes his motion as one brought under Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect); Rule 60(b)(3) (fraud or misconduct by an opposing party); and/or Rule 60(b)(6) (any other reason justifying relief).[1] Regardless, the court finds that Defendant has not met the demanding standard for relief under Rule 60(b).

With respect to Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), Defendant asserts that he has not been adequately able to address the issues in his motion or "all issues and standing objections previously raised." (See Def.'s Mot. ¶ 3.) However, in its decision granting the Government's motion for summary judgment on Defendant's counterclaims, the court noted that it had twice granted Defendant an extension of time to file his response. (See Mar. 4, 2014, Mem. & Order at 2.) The court denied Defendant's request for a further extension, noting that "Defendant has had ample time to recognize that his nine-month-old injuries might impair his ability to complete his response, were that the case," and finding that his request was "groundless." (Nov. 22, 2013, Order (Dkt. 52) at 2.) Although Defendant eventually filed his opposition 21 days late, the court nonetheless considered it before ultimately granting summary judgment to the Government. (See Mar. 4, 2014, Mem. & Order at 2.) Therefore, even assuming that Defendant's neglect was excusable, he would not have grounds for Rule 60 relief because the court still considered his submission despite its lateness. To the extent that Defendant is claiming that his medical condition somehow prevented him from substantively (as opposed to timely) addressing the issues in his motion, he has failed to provide any documentation of a medical condition or any explanation of how such a condition would affect his ability to advocate on his behalf.

---

[1] The other bases for Rule 60(b) relief—newly discovered evidence, that the judgment is void, or that the judgment has been satisfied, released, or discharged—do not apply here. See Fed. R. Civ. P. 60(b)(2), (4)-(5).

3

With respect to Rule 60(b)(3) (fraud or misconduct by an opposing party), Defendant simply repeats his assertion from a separate case, see Brow, 2009 WL 393645, at *1, that the USVI defrauded him of wages, despite the fact that the USVI is not a party in this action. (See Def.'s Mot. ¶ 1.) In addition, he makes conclusory allegations of fraud on the part of the Government and its counsel, unsupported by any evidence or explanation. The court finds that such unsupported assertions are insufficient to warrant relief from judgment.

Finally, with respect to Rule 60(b)(6) (any other reason justifying relief), Defendant asserts that employees in the court's pro se office initially barred him from presenting his complaint in 2011, on account of his race, and then told him that the court would deny his claims. (Mot. for Relief ¶ 2.) Defendant raises these allegations for the first time in his motion for relief, more than three years after the incident allegedly took place, and he again provides no evidentiary support. Even if his allegations are true, they are unrelated to his counterclaims and thus do not justify relief from the judgment.

For the reasons set forth above, Defendant's motion for relief from judgment is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
December 1, 2015

NICHOLAS G. GARAUFIS  
United States District Judge